IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE GAVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 6178 |
| | ) | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA and CORN PRODUCTS INTERNATIONAL, INC. MASTER WELFARE AND CAFETERIA PLAN, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Plaintiff Lawrence Gavin ("Gavin") brings this lawsuit against defendants Life Insurance Company of North America ("LINA") and Corn Products International, Inc. Master Welfare and Cafeteria Plan (the "Plan") (together "Defendants") seeking to recover long term disability ("LTD") benefits allegedly due under the terms of an LTD group policy of insurance (the "Policy"). On February 25, 2013, this court held that the *de novo* standard of review would apply to Gavin's claim for LTD benefits, such that the court would independently determine whether Gavin is entitled to benefits under the terms of the Policy. (Dkt. No. 21.) The court further noted in its order that Gavin "is entitled to the same discovery as any party would be allowed in a breach of contract suit." (*Id.* at 11 (internal quotation marks omitted).)

Now pending before the court is Defendants' "Motion for Protective Order and/or to Quash Third-Party Subpoenas." (Dkt. No. 33 ("Defs.' Mot.").) For the reasons set forth below, Defendants' motion is denied.

1

ANALYSIS

At issue are four non-party subpoenas issued to four medical doctors who evaluated Gavin's disability claim on behalf of LINA. Defendants argue that Gavin is not entitled to "conflicts-related discovery" from these four doctors under the *de novo* standard of review, and they object specifically to Gavin's requests for documents concerning: "(1) the nature of each doctor's relationship with LINA and the IME vendor, Genex Services, (2) financial remuneration received by each doctor since 2009 from his/her relationship with Genex or LINA, (3) the extent to which each doctor performs services for Genex or LINA as compared to private practice or other companies, [and] (4) the number of files reviewed for LINA and Genex since 2009." (Defs.' Mot. at 2.)

Defendants rely on *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 813-16 (7th Cir. 2006), to argue that "broad discovery concerning the relationship between LINA and the physicians who evaluated [Gavin's] claim" generally exceeds "the permissible scope of discovery in ERISA cases." (Dkt. No. 37 ("Defs.' Reply") at 1.) As stated in *Semien*, "[t]he fact that a plan administrator has compensated physicians for their consulting services is not, in and of itself, sufficient to establish a conflict of interest worthy of further discovery." *Semien*, 436 F.3d at 814. The "conflict of interest" referred to in the above quote is the plan administrator's alleged conflict of interest, however, rather than the physicians' potential conflict, and the panel in *Semien* emphasized that the court's approach was confined by the more deferential arbitrary and capricious standard of review. *Id.* at 815 ("a suit under ERISA is a review proceeding, not an evidentiary proceeding") (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 875 (7th Cir. 1997)). When applying the *de novo* standard, by contrast, district courts "are not

*reviewing* anything; they are making an independent decision about the employee's entitlement to benefits." *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (emphasis in original). The *Semien* approach to discovery therefore does not apply in this context. *Accord Marantz v. Permanent Medical Grp. Inc. Long Term Disability Plan & Life Ins. Co. of N.Y.*, No. 06 C 3051, 2006 WL 3490340, at *2 (N.D. Ill. Nov.29, 2006) (Moran, J.) ("*Semien* makes clear that there has to be a prima facie showing of bias or conflict of interest to justify going beyond the administrative record, but the court was careful to confine its holding to cases providing only deferential review.").

Whether "the evidentiary record before the court has been tainted or is otherwise unreliable" is a question that can be "relevant to the court's 'informed and independent judgment' of [the plaintiff's] claim." *Walsh v. Long Term Disability Coverage for All Employees Located in the United States of DeVry, Inc.*, 601 F. Supp. 2d 1035, 1040 (N.D. Ill. 2009) (quoting *Patton v. MFS/Sun Life Fin. Distrib., Inc.*, 480 F.3d 478, 485-86 (7th Cir. 2007)). To the extent Defendants intend to rely on the medical opinions of the four subpoenaed doctors to prove that Gavin is not entitled to LTD benefits, the doctors' potential financial bias or conflict of interest in issuing their medical opinions is a relevant factor for this court to consider. *Id.* at 1048 (considering doctor's financial relationship with plan underwriter "a factor in evaluating the reliability of [the doctor's] report"); *accord Borich v. Life Ins. Co. of N. Am.*, No. 12 C 734, 2013 WL 1788478, at *5 (N.D. Ill. Apr. 25, 2013) (Tharp, J.) ("Unlike an administrator's conflict of interest, a doctor's 'potential bias is relevant to evaluating the credibility of his report,' and the Court will have to consider those reports in deciding whether the plaintiff is disabled.") (quoting *Shepherd v. Life Ins. Co. of N. Am.*, No. 11 C 3846, 2012WL 379775, at *4 (N.D. Ill. Feb. 3, 2012) (Leinenweber, J.)); *but see Ball v.*

*Standard Ins. Co.*, 2011 WL 2708366, at *1-2 (N.D. Ill. July 8, 2011) (Keys, M.J.) (holding that consulting physicians' financial incentives were "irrelevant" to the court's disability determination). "Proof of bias is almost always relevant . . . [as] evidence which might bear on the accuracy and truth of a witnesses' testimony," *United States v. Abel*, 469 U.S. 45, 52 (1984), and if this case were to go to trial Gavin "would be free to offer medical evidence of his own and cross-examine the physicians who produced the reports that underlie [LINA's] decision." *Krolnik v. Prudential Ins. Co. of Am.*, 570 F.3d 841, 844 (7th Cir. 2009). Accordingly, the court finds that information regarding the doctors' financial relationship with LINA is potentially relevant to Gavin's claims in this lawsuit, and is an appropriate subject for discovery.

Defendants further argue that Gavin has not shown he is entitled to discovery in this case, in light of the statements set forth in certain "certifications" allegedly signed by each of the four subpoenaed doctors. (Defs.' Reply at 3-5.) Defendants' allegation that the doctors have disclaimed any financial relationship with LINA is not supported by any exhibits or evidence, nor have Defendants explained when and under what circumstances the alleged certifications were signed. More important, the disclaimer that the doctors "have no professional, familial or financial relationship with the referring entity nor with the health benefits plan," (*id.* at 4), is conclusory in nature. Gavin is entitled to independently confirm that the doctors' medical opinions were not unduly influenced by their financial relationship with LINA, or by the financial relationship between Genex Services and LINA.

Finally, Defendants argue that Gavin failed to make a "predicate showing" of "bias, conflict, misconduct, or other grounds for investigation into the alleged relationship between LINA and the physicians who reviewed his claim." (Defs.' Reply at 6 (citing *Ehas v. Life Ins. Co.*

4

*of N. Am.*, No. 12 C 3537, 2012 WL 5989215, at *11-12 (N.D. Ill. Nov. 29, 2012) (St. Eve, J.)).) Defendants' reliance on *Ehas* is misplaced. In *Ehas*, Judge St. Eve employed two different approaches to resolving the discovery dispute before the court. Under "the reasoning in *Wise*," Judge St. Eve determined that the plaintiff was not entitled to discovery because he "failed to allege facts or otherwise explain" how any of the requested information would "assist[ ] the Court in making an 'informed decision' as to the issue of disability." *Ehas*, 2012 WL 5989215, at *11 (citing *Wise v. Life Ins. Co. of N. Am.*, No. 11 C 3429, 2012 1203559, at *3 (N.D. Ill. Apr. 10, 2012) (Cudmore, M.J.)). Judge St. Eve further explained that questions about the "economic or financial motive for the benefits decision" were "irrelevant" to the benefits decision before the court, because these questions addressed only the "potential conflict of interest and the motive of the *administrator*." *Id*. (emphasis added). Under "the approach of *Shepherd*," Judge St. Eve determined that evidence of a claims administrator's bias could be relevant and discoverable on *de novo* review, but only if the plaintiff alleged "specific facts pertaining to bias in [his] case." *Id.* (citing *Shepherd*, 2012WL 379775, at *3).[1] Judge St. Eve determined that the plaintiff in *Ehas* did not meet this standard. *Id.* Under both approaches, Judge St. Eve focused on the alleged bias of the claims administrator, not the potential bias of a consulting physician. *Ehas* therefore does not stand for the proposition that a plaintiff seeking conflicts-related discovery with respect to a consulting physician must first meet a special pleading or evidentiary standard. For the reasons set forth above, this court holds that no "predicate showing" of bias or conflict of interest is required under these circumstances.

---

[1] In a different section of *Shepherd* , not cited in *Ehas*, Judge Leinenweber determined that "items relating to [the consulting physician's] possible bias" were "necessary to make an informed and independent judgment of their relevance to the ultimate question in this case." *Shepherd*, 2012 WL 379775, at *4.

Defendants' argument that the subpoenas "seek sensitive commercial and financial information" that requires protection under Rule 45(c)(3)(B)(i), (Defs.' Reply at 6), is under-developed and denied without prejudice. Defendants or the non-party doctors may seek an appropriate confidentiality order limiting the disclosure and use of sensitive information or data if necessary. Counsel are encouraged to reach agreement on this point if possible.

## CONCLUSION

For the reasons set forth above, Defendants' "Motion for Protective Order and/or to Quash Third-Party Subpoenas" (Dkt. No. 33) is denied. Compliance with the subpoenas should be made no later than May 31, 2013, unless another date is agreed to by counsel. All future dates remain as scheduled on 3/12/13 (Dkt. No. 23). Parties are again encouraged to discuss settlement.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: May 21, 2013